RECEIVED
IN MONROE, LA.

MAR 0 8 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MITCHELL LEE WILLIAMS | CIVIL ACTION NO. 09-1728 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES OF AMERICA | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Summary Judgment filed by Defendant United States of America ("United States"). [Doc. No. 14]. On February 11, 2011, Plaintiff Mitchell Lee Williams ("Williams") filed a Response. [Doc. No. 16]. On February 16, 2011, the United States filed a Reply. [Doc. No. 17]. For the following reasons, the United States' Motion for Summary Judgment is GRANTED, and Williams' claims in this matter are DISMISSED WITH PREJUDICE.

### I.  BACKGROUND

On October 2, 2009, Williams filed his Complaint against the United States in this Court under the Federal Tort Claims Act ("FTCA"), averring that employees of the United States Department of Veterans Affairs ("VA") medical clinics were negligent in diagnosing and treating a tumor in his abdomen.

In March 2005, Williams went to a VA clinic in Monroe, Louisiana, and complained of stomach problems. In the fall of 2005, he went to the same VA clinic for hemoccult stool tests, which were negative,[1] but alleges that he did not receive the results in a timely fashion. On or about January 16, 2006, Williams went to the same clinic, accompanied by a friend to ensure that his

---

[1] The United States' medical expert reports the results of the tests as negative [Doc. No. 14-3, p. 2], and Williams did not challenge this fact in his Response.

doctor documented his "complaints of abdominal pain, nausea and feeling sick," but his complaints were ignored, as they had been in the past.[2] [Doc. Nos. 16-2 & 16-3]. In April 2006, he went to the same VA clinic and again complained of abdominal problems. On August 29, 2006, he was given an abdominal CT scan at a VA clinic in Shreveport, Louisiana, which the treating radiologist falsely read. He received a diagnosis of Irritable Bowel Syndrome and was prescribed medication. By September 6, 2006, his condition had worsened, and he went to the St. Francis Medical Center in Monroe, Louisiana, where "additional abdominal CT studies" showed that he had an abdominal tumor. [Doc. No. 1, p. 3]. Williams "was then referred back to the Shreveport VA [clinic] for surgery, and an emergency sigmoidectomy with Hartman[n]'s pouch was performed on September 13, 2006." *Id.*

On August 16, 2010, Williams filed an unopposed motion to continue the trial date and to request a new scheduling order, stating that "[a] continuance is needed in order to allow the parties to obtain additional medical records and to complete discovery in connection with this matter." [Doc. No. 9, p. 1]. On August 18, 2010, the Court granted Williams' motion and vacated the scheduling order [Doc. No. 10], under which Williams' expert reports were due by July 20, 2010. [Doc. No. 6]. On September 8, 2010, the Court issued a new scheduling order, which required Williams to submit any expert reports by January 4, 2011. The record indicates that Williams has failed to file an expert report in this case.

---

[2] The facts have been gleaned from Williams' Complaint and affidavits submitted in conjunction with filings related to the current motion and are largely undisputed for purposes of summary judgment. As to any dispute, the Court accepts the evidence of the nonmovant as credible and draws all justifiable inferences in his favor.

2

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If, after adequate time for discovery, a party has failed to produce evidence regarding an essential element of the party's case, then summary judgment is mandated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III. ANALYSIS

Williams brings his medical malpractice claims against the United States under the FTCA, 28 U.S.C. § 2671, *et seq.* "State law controls the liability for medical malpractice under the FTCA."

*Anderson v. United States*, 388 Fed. App'x 406, 407 (5th Cir. 2010) (citing *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985)). Therefore, Louisiana law controls the claims in this case because the acts or omissions occurred in Louisiana. *See* 28 U.S.C. § 2674.

In Louisiana medical malpractice actions, a plaintiff must prove the following:

(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians . . . licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances . . . ;

(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.

(3) *That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.*

LA. REV. STAT. § 9:2794(A) (emphasis added). In other words, "a plaintiff must prove not only that the applicable standard of care was breached, but also that the doctor's substandard conduct *caused* an injury . . . that the plaintiff would not otherwise have suffered." *Byrd v. State Through Dep't of Pub. Safety & Corr.*, No. 93-2765 (La. 5/23/94); 637 So.2d 114, 122.

The United States argues that Williams' "allegations of medical malpractice must fail because he cannot prove that there were any negligent acts or omissions which contributed to any misdiagnosis or delay in treatment that resulted in an adverse outcome or was otherwise detrimental to [Williams], i.e. resulted in injury." [Doc. No. 14-2, p. 5]. In the United States' view, Williams' failure to offer an expert's opinion establishing that the elements of medical malpractice were met is fatal to his claims.

Williams cites the opinion of the United States' medical expert to establish that there was

4

a breach of the applicable standard of care because the treating radiologist falsely read Williams' CT scan. At the summary judgment stage, Williams argues, "[a]ll that is required is for the Plaintiff to show that the Defendant breached the standard of care . . . and to show that the breach caused a delay in the diagnosis and treatment of Plaintiff's cancer, which inherently caused Plaintiff to suffer a loss of chance for a better medical outcome." [Doc. No. 16, p. 8].

Under Louisiana law, "Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Gleason v. La. Dep't of Health & Hosp.*, No. 44,947, p. 7 (La. App. 2 Cir. 3/10/10); 33 So.3d 961, 966 (citing *Samaha v. Rau*, 07-1726 (La. 2/26/08); 977 So.2d 880). "Although causation is not explicitly included among those elements for which proof must be made through expert medical testimony, typically expert testimony is required to prove causation when the resolution of that issue is not a matter of common knowledge." *Id.* at 966.

The Court finds that Williams has failed to carry his evidentiary burden in this case, and, therefore, summary judgment is appropriate. Although the record establishes that Williams' radiologist breached the applicable standard of medical care when he falsely read Williams' CT scan, Williams points to no evidence—expert opinion or otherwise—which establishes that this breach "*caused* an injury . . . that the plaintiff would not otherwise have suffered." *Byrd*, 637 So.2d at 122. Moreover, resolving the causation issue is not a matter of common knowledge. A layperson cannot decide whether a delay of eight days, from August 29, 2006, to September 6, 2006, in diagnosing Williams' tumor caused Williams "to suffer a loss of chance for a better medical outcome." [Doc. No. 16, p. 8].

5

Further, Williams does not point to any expert evidence establishing that there was a breach in the applicable standard of medical care regarding his other allegations—that his complaints of pain "on numerous occasions" "should have caused the Defendants to suspect, or to at least attempt to rule out, cancer at a much earlier date." [Doc. No. 16, p. 8]. And any negligence committed by Williams' treating physicians is not so obvious that a layperson can infer it. As the United States' medical expert concluded, "the symptoms that [Williams] relayed to his [primary care provider are] not consistent with or suggestive of rectal carcinoma." [Doc. No. 14-3, p. 4].

Finally, regarding the VA clinic's alleged delay in providing Williams with his hemoccult stool test results, Williams fails to offer evidence that he did not receive his results in a timely manner. Moreover, he fails to establish injury resulting from any delay, as the record indicates that the test results were negative.

In this case, there has been sufficient time for Williams to conduct discovery, yet he has failed to introduce evidence regarding essential elements of his claims. Therefore, summary judgment is mandated. *Celotex*, 477 U.S. at 322-23.

## IV.  CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Doc. No. 14] is GRANTED, and Williams' claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __8__ day of March, 2011.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ROBERT G. JAMES
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE